FILED
SUPERIOR COURT
OF GUAM

2020 AUG -7 PM 1:52

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0700-19 |
|---|---|
| vs. | DECISION AND ORDER |
| JOVAN DERICK PANGELINAN SABLAN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on July 28, 2020, for remote hearing on Defendant Jovan Derick Pangelinan Sablan's ("Defendant") Motion to Reduce Felony Family Violence Charge to a Misdemeanor. Assistant Public Defender Alisha Molyneux was present on behalf of Defendant via teleconference and Assistant Attorney General Brendlynn Joseph on behalf of the People of Guam ("the Government") via teleconference. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Defendant's Motion to Reduce Felony Family Violence Charge to a Misdemeanor.

## BACKGROUND

On December 31, 2019, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony); (2) Terrorizing (As a Third Degree Felony); (3) Family Violence (As a Misdemeanor); (4) Family Violence (As a Misdemeanor); and (5) Unlawful Restraint (As a Misdemeanor). (Indictment, Dec. 31, 2019). These charges are based on

allegations occurring on two separate nights in December. *See* Decl. of Woodrow D. Pengelly, Magistrate's Compl., Dec. 23, 2019. It is alleged that on or about December 22, 2019, Defendant made threats to hurt his girlfriend, Ms. Amberlyn Kosaka, after yelling at her and accusing her of cheating on him with his close circle of friends. (Decl. of Woodrow D. Pengelly, Magistrate's Compl., Dec. 23, 2019). Defendant searched their bedroom for cameras and microphones, accusing Ms. Kosaka of having people record him, and threatened to kill her if she tried to leave with their daughter. *Id.* Two nights prior, on or about December 20, 2019, Defendant got angry with Ms. Kosaka in their vehicle at the Home Depot parking lot after he could not find a payment booklet to her vehicle. *Id.* Defendant accused Ms. Kosaka of having pornographic videos and cheating on him. *Id.* He then pushed her towards the car door and grabber her neck, demanding to know who was paying for the car as he choked her. *Id.* It is also alleged that Defendant headbutted Ms. Kosaka's forehead and nose area, causing her to cry in pain. *Id.* GPD officers responding to the scene observed a bump on Ms. Kosaka's forehead and bruising beneath both eyes. *Id.*

Jury Selection and Trial was set to commence on June 24, 2020, but could not go forward due to the current COVID-19 (coronavirus) pandemic.

On June 26, 2020, Defendant filed the instant Motion, moving the Court to reduce the felony family violence charge to a misdemeanor. The Government did not file a response, but orally opposed the Motion at the Motion Hearing. After hearing oral arguments, the Court gave the Government leave to file their written Opposition. On July 31, 2020, the Government filed its Opposition. The Court subsequently placed the matter under advisement.

## DISCUSSION

Guam law gives the Court the statutory authority and discretion to reduce a felony charge to a misdemeanor charge when the offense involves the crime of Family Violence. *See* 9 G.C.A. § 30.20(b) ("Upon a written, noticed motion prior to the commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), be reduced to a misdemeanor."). The Court is to

consider seven factors when determining whether to reduce a Family Violence charge from a felony to a misdemeanor:

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history or and amenability to counseling.

9 G.C.A. § 30.20(c). *See also People v. Perez*, 1999 Guam 2 ¶ 12 ("The Family Violence Act is a comprehensive statutory scheme that, when viewed as a whole, demands that the prosecuting attorney take into account a defendant's ability to move for a reduction of a felony charge. In the exercise of its discretion, the court is permitted to entertain such a motion and is statutorily required to consider the list of seven factors in its determination of the appropriateness of a felony charge of Family Violence."). The Court's discretion is limited in two ways: (1) if the Court finds substantial evidence that a victim suffered serious bodily injury, a felony family violence charge may not be reduced to a misdemeanor unless, due to unusual circumstances, such a reduction is manifestly in the interest of justice, or (2) if its' a defendant's third offense. *See* 9 G.C.A. §§ 30.20(d) and 30.20(a)(3). The Court notes that it only has the parties' pleadings and the Declaration attached to the Magistrate's Complaint before it for review.

The first factor for the Court to consider is "the extent or seriousness of the victim's injuries." 9 G.C.A. § 30.20(c)(1). The Court is to consider the extent or seriousness of the victim's injuries *as they were inflicted*, not as the defendant may have attempted to cause or recklessly risked causing. *See* 9 G.C.A. § 30.20(b), (c)(1). Here, Defendant argues that the incident alleged does not seem to indicate extensive or serious injuries and that CSI photos depict minor injuries. (Mot. at 2). The Declaration attached to the Magistrate's Complaint identifies that the victim, Ms. Kosaka, was choked and headbutted in her forehead and nose

area, causing her to cry out in pain. (Decl. of Woodrow D. Pengelly, Magistrate's Compl., Dec. 23, 2019). GPD officers observed she had a bump on her forehead and bruising beneath both eyes. *Id.* Based on the facts presented, the victim suffered bodily injury, but not serious bodily injury. However, the Court is concerned with the allegation that Defendant may have strangled Ms. Kosaka. Defendant's felony charge of family violence is based on allegations that Defendant committed non-fatal strangulation, i.e., that he impeded the normal breathing and circulation of the blood of the victim by applying pressure to her throat and neck. While choking or strangulation may not leave extensive visible physical injuries, it is one of the most lethal forms of domestic violence. Therefore, the Court finds that this factor weighs against the granting of the motion.

The second factor is "the defendant's history of violence against the same victim whether charged or uncharged." 9 G.C.A. § 30.20(c)(2). Defendant argues that "there is no indication of history of violence by Mr. Sablan against the alleged victim." (Mot. at 3). The Government has not argued or presented any evidence of a history of violence against the victim. The Court understands that there have been no previous charges of violence by Defendant against the victim, nor has there been any other indication that he has committed any uncharged violence acts against the victim. The Court is concerned, however, that the instant matter involves two separate incidents of alleged family violence against the victim just two days apart. Therefore, this factor weighs against the granting the motion.

The third factor if "the use of a gun or other weapon by the defendant." 9 G.C.A. § 30.20(c)(3). There are no allegations that Defendant used a gun or other weapon in this matter. Therefore, this factor weighs in favor of granting the motion.

The fourth factor is "the defendant's prior criminal history." 9 G.C.A. § 30.20(c)(4). Defendant acknowledges that he does have a criminal history, but notes that those charges did not involve family violence. (Mot. at 3). The Court is aware that Defendant has two prior criminal cases, CF0205-14 and CM0268-12. In CF0205-14, Defendant plead guilty to Theft (As a Third Degree Felony) and partially completed his conditions of probation, with payment of fine, court costs, and completion of the Petty Theft Program remaining outstanding. *See*

Informational Report Re: Expired Probation Term (Amended), Jun. 24, 2020. In CM0268-12, Defendant plead guilty to Assault (As a Misdemeanor), and successfully closed his case. *See* Order Closing Case, CM0268-12. The Court finds this factor is equivocal, and neither weighs in favor of nor against the motion.

The fifth factor is "the victim's attitude and conduct regarding the incident." 9 G.C.A. § 30.20(c)(5). Defendant sets forth that the victim went to the Office of the Attorney General on December 30, 2020, requesting for the charges to be dropped against Defendant, and indicating that she wanted him to receive counseling and services. (Mot. at 3). The Government also acknowledged that the victim informed the Office of the Attorney General on December 30, 2020, that she did not want to pursue this case. (Opp'n at 3). The Government notes, however, that her stance and request is one expected of a victim of family violence, which illustrates her vulnerability due to her relationship with the Defendant. *Id.* The Court notes that according to the Declaration attached to the Magistrate's Complaint, Defendant and the victim have a daughter together, which creates a dynamic situation. The Court finds this factor to be equivocal, and neither in favor of nor against the motion.

The sixth factor is "the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources." 9 G.C.A. § 30.20(c)(6). There are no allegations that alcohol or other substance abuse was involved, nor is there any indication that Defendant has a history of substance abuse. Accordingly, the Court finds that this factor weighs in favor of granting the motion.

The last factor is "the defendant's history of and amenability to counseling." 9 G.C.A. § 30.20(c)(7). Defendant sets forth that he "is amenable to counseling and greatly desires the chance to obtain counseling." (Mot. at 3). The Court has no information or history of counseling with regard to services at Client Services and Family Counseling and/or Guam Behavioral Health and Wellness Center. The Court notes that in CF0205-14, Defendant failed to complete the Petty Theft Program as part of his probationary conditions. *See* Informational Report re: Expired Probationary Term (Amended) in CF0205-14, Jun. 24, 2020. Without more,

however, the Court finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

Therefore, the Court, in considering all seven factors, declines to exercise its discretion in reducing the felony family violence charge to a misdemeanor. The First Charge of Family Violence (As a Third Degree Felony) shall remain charged as a felony.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Reduce Felony Family Violence Charge to a Misdemeanor. A Status Hearing via teleconference regarding trial posture of this case is set for _____SEP 1 7 2020_____, at __9:30__ a.m.

**IT IS SO ORDERED** this __7th__ day of August, 2020.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC

Date: 8/7/20 Time: 1:57pm

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Sablan*
Case No. CF0700-19
Decision and Order